ROBERT P. SMITH, Jr., Chief Judge.
The deputy commissioner awarded David Levine, Esquire, a fee of $22,500 for representing claimant on a controverted and ultimately successful petition to modify an earlier award which the same lawyer achieved and for which he was compensated. Mr. Levine’s handling of the modification petition consumed 123 hours of lawyer time and achieved additional benefits having a stipulated value of $85,000. The fee of approximately $185 per hour is explained by the deputy in this way:
I do ... find that the claimant is an extremely difficult individual to deal with because of her psychiatric condition. Since this condition was entwined to her ease it was necessary for Mr. Levine to deal with the claimant and this psychiatric condition which, I find, was and is an unusual circumstance necessitating additional expertise and the expenditure of additional periods of time to understand said psychiatric impairments and deal with the claimant and the case as it relates to same. Additionally I recognize and find that the quality of time spent by Mr. Levine with claimant was extremely difficult and trying upon him, and that, in equity, he should be appropriately compensated for same.

Attorneys of the skill and experience of Mr. Levine customarily charge and re *1192 ceive a non-contingent hourly fee of $150.00 in this community [Miami] for similar legal services not involving difficult clients such as the claimant herein. It is my determination a similarly skilled and seasoned attorney dealing with a noncontingent case would be justified and reasonable in charging an hourly fee of $200.00 to represent a bothersome and difficult client such as the claimant herein. (Emphasis added.)
The deputy also noted the significant benefits achieved, Mr. Levine’s considerable experience and skills, and that any fee was contingent upon the lawyer’s success in achieving compensation for his client.
With some reservations about the weight to be accorded the contingency factor — the deputy does not explicate and the record does not reveal the magnitude of fee risk actually encountered by Mr. Levine— we accept all the deputy’s findings except that finding which enhances the fee because a “bothersome and difficult client” rendered “the quality of time spent by Mr. Levine with claimant . . . extremely difficult and trying upon him . . . . ” We agree that a greater fee may reasonably be awarded under the Section 440.34(1) when a lawyer necessarily has devoted extraordinary time to his professional representation due to difficulties stemming from his client’s injury-related personality changes. That kind of professional service is not in-compensable “handholding.” Cf. Brevard County School Board v. Walters, 396 So.2d 1197 (Fla. 1st DCA 1981); Kelly Tractor Co. v. Jarrell, IRC Order 2-3018 (Aug. 19, 1976), cert. den., 348 So.2d 949 (Fla.1977). Accordingly, Mr. Levine is entitled to compensation for extra time and effort required by this representation, though he may have fulfilled the same duty with less time and effort for a less “difficult and bothersome” client. Yet it is inappropriate to add a further surcharge for the uncomfortable “quality of time” the lawyer spent working for a “bothersome and difficult” client, even assuming that discomfort afflicted Mr. Levine beyond the 18 hours or so he actually spent conferring with the client.
Considering all the deputy’s findings and the record evidence bearing on the time devoted to the case, the contingency of the fee, the difficulty of the issues presented, the results accomplished, and other factors enumerated in Section 440.34(1), we find a reasonable fee would be not more than $150 per hour devoted to the case, or $18,450.
REVERSED and REMANDED with directions to allow a fee of $18,450.
MILLS and SHIVERS, JJ., concur.